**United States District Court**
For the Northern District of California

1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 HERMAN MICHAEL COVARRUBIAS,         No. C-13-4611 EMC (pr)

9          Petitioner,

10    v.                          **ORDER RE FEE AND TO NAME RESPONDENT**

11 PEOPLE OF THE STATE OF CALIFORNIA,

12          Respondent.

_____/

13

14

15       Petitioner has filed a petition for writ of habeas corpus to challenge a 2008 conviction from

16 the Santa Clara County Superior Court. There are two threshold problems in this action that

17 Petitioner must promptly address.

18       First, Petitioner failed to pay the filing fee or file an *in forma pauperis* application. The

19 filing fee for a petition for writ of habeas corpus is $5.00, although the notice sent to Petitioner

20 mistakenly listed it as $350.00. Petitioner sent to the Court an inmate trust account withdrawal form

21 and asked the Court to deduct the money from his inmate trust account. Docket # 8. The Court does

22 not handle or control inmate trust accounts. If Petitioner has sufficient funds to pay the filing fee, he

23 needs to submit a trust account withdrawal slip to the inmate trust account office at his prison so that

24 prison officials can process the withdrawal and send the check to the Court. If Petitioner does not

25 have sufficient funds to pay the filing fee, he needs to file a completed and signed *in forma pauperis*

26 application including a certified copy of his inmate trust account statement. Petitioner must pay the

27 $5.00 filing fee or file the *in forma pauperis* application no later than **November 29, 2013**, or this

28 action will be dismissed.

**United States District Court**
For the Northern District of California

1    Second, the "People of the State of California" are not a proper respondent for the petition

2  for writ of habeas corpus.  The rules governing relief under 28 U.S.C. § 2254 require a person in

3  custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him

4  as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of

5  the Rules Governing Habeas Corpus Cases Under Section § 2254).  While the warden of the

6  institution in which the Petitioner is incarcerated is the typical respondent, the "'state officer having

7  custody'" also may include "'the chief officer in charge of state penal institutions.'"  *Ortiz-*

8  *Sandoval*, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).  The California Director of

9  Corrections and Rehabilitation therefore may be named as the respondent if there is not a warden.

10  *See id.* at 896.  Failure to name the Petitioner's custodian as a respondent deprives federal courts of

11  personal jurisdiction.  *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

12  Petitioner must file an amendment naming a proper respondent for his petition no later than

13  **November 29, 2013** of this action will be dismissed.  The amendment can be a single-page

14  document that has the case caption and number on it, is signed by Petitioner and states something to

15  the effect of, "I now substitute _____ in as the respondent in this action" with the name of a proper

16  respondent written in the place where the blank line is.

17

18    IT IS SO ORDERED.

19

20  Dated: October 22, 2013

21

22  _____
EDWARD M. CHEN
United States District Judge

23

2