UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN MICHAEL COVARRUBIAS,     No. C-13-4611 EMC (pr)

    Petitioner,

v.     **ORDER RE FEE AND TO NAME RESPONDENT**

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.
_____/

Petitioner has filed a petition for writ of habeas corpus to challenge a 2008 conviction from the Santa Clara County Superior Court. There are two threshold problems in this action that Petitioner must promptly address.

First, Petitioner failed to pay the filing fee or file an *in forma pauperis* application. The filing fee for a petition for writ of habeas corpus is $5.00, although the notice sent to Petitioner mistakenly listed it as $350.00. Petitioner sent to the Court an inmate trust account withdrawal form and asked the Court to deduct the money from his inmate trust account. Docket # 8. The Court does not handle or control inmate trust accounts. If Petitioner has sufficient funds to pay the filing fee, he needs to submit a trust account withdrawal slip to the inmate trust account office at his prison so that prison officials can process the withdrawal and send the check to the Court. If Petitioner does not have sufficient funds to pay the filing fee, he needs to file a completed and signed *in forma pauperis* application including a certified copy of his inmate trust account statement. Petitioner must pay the $5.00 filing fee or file the *in forma pauperis* application no later than **November 29, 2013**, or this action will be dismissed.

Second, the "People of the State of California" are not a proper respondent for the petition for writ of habeas corpus. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). While the warden of the institution in which the Petitioner is incarcerated is the typical respondent, the "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" *Ortiz-Sandoval*, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note). The California Director of Corrections and Rehabilitation therefore may be named as the respondent if there is not a warden. *See id.* at 896. Failure to name the Petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner must file an amendment naming a proper respondent for his petition no later than **November 29, 2013** of this action will be dismissed. The amendment can be a single-page document that has the case caption and number on it, is signed by Petitioner and states something to the effect of, "I now substitute _____ in as the respondent in this action" with the name of a proper respondent written in the place where the blank line is.

IT IS SO ORDERED.

Dated: October 22, 2013

_____
EDWARD M. CHEN
United States District Judge