UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN MICHAEL COVARRUBIAS,   No. C-13-4611 EMC (pr)

    Petitioner,

    v.   **AMENDED ORDER TO SHOW CAUSE**

ROBERT GOWER, Warden,   **(Correction is highlighted)**

    Respondent.
_____/

## I. INTRODUCTION

Petitioner, an inmate at the Valley View Conservation Camp in Elk Creek, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The petition and attachments provide the following information: Petitioner was convicted in Santa Clara County Superior Court of nineteen counts of grand theft and three counts of forgery, with sentence enhancements for excessive taking. On October 10, 2008, Petitioner was sentenced to a term of nineteen years and eight months in state prison. He unsuccessfully appealed his conviction. Petitioner also filed several petitions for writ of habeas corpus in state court that were unsuccessful. Petitioner then filed this action.

///

///

///

## III. **DISCUSSION**

A. Review of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges twenty claims: (1) the trial court's refusal to grant Petitioner's discovery request for, and the trial court's exclusion of, evidence of a general industry practice of lending to unqualified borrowers denied Petitioner his federal constitutional rights to due process and to present a defense; (2) petitioner's right to due process was violated because the evidence was insufficient to support the sentence enhancements under California Penal Code § 186.11 and § 12022.6 for excessive taking; (3) the trial court violated Petitioner's Sixth and Fourteenth Amendment rights by failing to instruct the jury as to the definition of a "loss" in the sentence enhancement allegations;[1] (4) "the court abused its discretion when it sentenced [Petitioner] to the term of 19 years and 8 months," Docket # 1 at 13; (5) the use of false evidence to convict Petitioner deprived him of his federal constitutional right to a fair trial; (6) the search and seizure were illegal, in violation of Petitioner's Fourth Amendment rights; (7) Petitioner's federal right to due process was violated because the jurors were exposed to general news about the collapse of the financial markets but the trial court would "not allow[] evidence on how the subprime market really worked," *id.* at 6; (8) Petitioner's right to due process was violated by the prosecutor's misconduct described in the petition, *id.*; (9) Petitioner's federal constitutional right to a fair trial was violated because the "prosecutor deliberately misled defense about the theory of [Petitioner's] guilt," *id.* at 7; (10) Petitioner's right to due process was violated because Petitioner "was convicted on the basis of facts

---

[1] The page containing claims 3 and 4 was misplaced in the Petition sent to the court. Claims 1 and 2 are on page 4 of Docket # 1; claims 3 and 4 are on page 13 of Docket # 1; and Claims 5 and 6 are on page 5 of Docket # 1.

1  different than those facts on which the charges were based," and the indictment was changed at the
2  end of trial, *id.*; (11) Petitioner's right to due process was violated by a vindictive prosecution; (12)
3  Petitioner's right to due process was violated because the "prosecutor sent people to the federal
4  government to open a civil case" against Petitioner as a tactic to deplete him of his resources and
5  ability to properly defend himself, *id.* at 8; (13) Petitioner's right to due process was violated by the
6  bad faith destruction of potentially exculpatory evidence; (14) Petitioner's right to due process was
7  violated because the prosecutor stopped or edited undercover surveillance tape; (15) Petitioner was
8  deprived of his constitutional right to a fair trial because the trial judge was biased; (16) the
9  cumulative effect of the errors deprived Petitioner of a fair trial; (17) Petitioner was deprived of his
10 Sixth Amendment right to effective assistance of counsel when counsel "didn't use evidence against
11 alleged victims," *id.* at 11; (18) Petitioner's right to due process and Eighth Amendment rights were
12 violated because "a single conspiracy was unconstitutionally used to impose a sentence for multiple
13 conspiracies," *id.*; (19) Petitioner was deprived of his Sixth Amendment right to effective assistance
14 of counsel in that counsel failed to call William Russell to testify; and (20) Petitioner's right to due
15 process was violated because the prosecutor misled the jury about Petitioner's involvement in loan
16 transactions and a conspiracy.  Liberally construed, the claims are cognizable in a federal habeas
17 action, except for Claim 4 and Claim 6.

18         Claim 4 is dismissed because it is a state law error claim and does not allege the violation of
19 petitioner's rights under the Constitution, laws or treaties of the United States.  "[I]t is only
20 noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral
21 attack in the federal courts."  *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original).
22 Federal habeas relief is unavailable for violations of state law or for alleged error in the
23 interpretation or application of state law.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).

24         Claim 6 is dismissed because it is for a Fourth Amendment violation.  Federal habeas review
25 of Fourth Amendment claims is not available unless the state did not provide an opportunity for full
26 and fair litigation of those claims.  *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976).  Even if
27 the state court's determination of the Fourth Amendment issues is improper, it will not be remedied
28 in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to

litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). The Fourth Amendment claim is barred by *Stone v. Powell* and therefore dismissed without leave to amend.

B.      Miscellaneous Matters

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is DENIED. (Docket # 13.)

Petitioner has sent two letters stating that he believes his action should be categorized as a criminal complaint rather than a civil complaint because he is complaining about his criminal conviction. *See* Docket # 8 and # 13. The case is properly categorized and will not be re-categorized. Only the government can institute criminal actions. The way a prisoner challenges a state court criminal conviction in federal court is by filing a petition for writ of habeas corpus. A petition for writ of habeas corpus is a type of civil action.

## IV.     CONCLUSION

For the foregoing reasons,

1.      The petition warrants a response. Claim 4 and Claim 6 are dismissed.

2.      The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

4

3. Respondent must file and serve upon Petitioner, on or before **January 17, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **February 14, 2014**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **DENIED** because he has sufficient funds to pay the $5.00 filing fee. (Docket # 10 and # 11.) Petitioner must pay the $5.00 filing fee no later than **December 13, 2013**, or the action may be dismissed.

8. Petitioner's request for appointment of counsel is **DENIED**. (Docket # 13.)

IT IS SO ORDERED.

Dated: November 18, 2013

EDWARD M. CHEN
United States District Judge