UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN MICHAEL COVARRUBIAS,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT GOWER, Warden,<br><br>    Respondent.<br>_____/ | No. C-13-4611 EMC (pr)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION AND APPOINTMENT OF INVESTIGATOR** |

    Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his state court conviction for grand theft and forgery arising out of his work as a mortgage broker. On November 18, 2013, the Court issued an order to show cause why the petition should not be granted, and denied Petitioner's request for appointment of counsel. Thereafter, Petitioner filed a motion for reconsideration and a motion for appointment of a private investigator to assist him.

    Petitioner has moved for reconsideration of the denial of his request for appointment of counsel. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner has not shown newly discovered evidence, clear error, manifest injustice or an intervening change in the controlling law with regard to his request for counsel. One of petitioner's arguments warrants comment. Petitioner states that he has no law library at his present place of incarceration, but his citation to several cases suggests he has some access to legal research materials. Even if there is not a law library, he may inquire of his custodians whether there is a legal

paging system for him to use to obtain legal materials or perhaps seek a transfer to a prison with a law library. The motion for reconsideration is **DENIED**. Docket # 21.

Petitioner also has moved for appointment of a private investigator. This motion concerns funding, because a litigant who does not need funding does not need court permission to hire his own investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). There are two potential sources of Congressional authorization: 28 U.S.C. § 1915 and 18 U.S.C. § 3006A. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds to pay for a private investigator. *Cf. Tedder*, 890 F.2d at 211-12 (pauper statute does not waive payment of fees or expenses for an indigent's witnesses). The Criminal Justice Act ("CJA") provides for representation of indigent defendants, *see* 18 U.S.C. § 3006A, and authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner when "the court determines that the interests of justice so require." *Id.* at § 3006A(a)(2)(B). "*Counsel* for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." *Id.* at § 3006A(e)(1) (emphasis added). The text of the statute contemplates that "counsel" is the person who may request funding for investigative services, and that, in turn, suggests that counsel must first have been appointed under § 3006A before the court will consider authorizing funding for investigative services. This Court has already determined that the "interests of justice" do not require appointment of counsel for Petitioner under § 3006A, so he would appear to be textually ineligible to request funding for other services (such as private investigators) that "counsel" may request under § 3006A(e)(1). However, the Ninth Circuit has stated that, at least in federal criminal cases, a self-represented federal criminal defendant can be reimbursed for the same costs for which appointed counsel could be reimbursed under the related provision of § 3006A(d)(1). *See United States v. Feldman*, 788 F.2d 625, 626 (9th Cir. 1986). *But see United States v. McElhiney*, 369 F.3d 1168, 1170 (10th Cir. 2004) (concluding that *Feldman's* "position is inconsistent with the plain language of § 3006A(d)(1) and reject[ing] it"); *Green v. United States*, 323 F.3d 1100, 1104 (8th Cir. 2003) (rejecting *Feldman* and denying costs to *pro se* criminal defendant). This Court need not

2

decide today whether *Feldman* can be extended to authorize payment for a private investigator for an indigent *pro se* habeas petitioner because Petitioner's bare-bones motion fails to address several significant impediments to funding.

    Assuming arguendo that a financially eligible *pro se* habeas petitioner can have a private investigator appointed for him, he still must meet the substantive criteria for the authorization of funding. A district court must authorize the provision of expert or investigative services under § 3006A(e)(1) where "'reasonably competent counsel would have required the assistance of the requested expert for a paying client.'" *United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005) (citation omitted); *see also United States v. Brewer*, 783 F.2d 841, 842 (9th Cir. 1986) (court must authorize services under § 3006A "'when the defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them'"). In a habeas action, reasonably competent counsel would decide whether to hire a private investigator bearing in mind the significant limitations in 28 U.S.C. § 2254 and the habeas rules about discovery.

    First, there is the impediment posed by § 2254(d)(1) for claims that were adjudicated in state court. A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). A reasonably competent counsel would not retain an investigator to develop evidence that cannot be presented to or considered by the court. Since this Court must analyze any claim to which § 2254(d)(1) applies without any new evidence, *see Pinholster*, 131 S. Ct. at 1399, Petitioner must show that the investigative services are for a claim that was not adjudicated on the merits in state court. Petitioner has not done so here. He has not explained what he plans for the investigator to

investigate, let alone what claims the proposed investigation relates to, let alone that those claims are not subject to analysis under § 2254(d)(1).

Second, § 2254(e) dramatically limits the power of a federal court to accept new evidence from a habeas petitioner. A district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). A reasonably competent counsel would not retain an investigator to develop evidence that cannot be presented to or considered by the court. If Petitioner wants an investigator to develop evidence for a claim for which he failed to develop a factual basis in state court, he must explain how that claim satisfies § 2254(e)(2)'s very demanding requirements, and how an investigator's services would enable him to develop the evidence for an evidentiary hearing.

Third, discovery is very limited in habeas actions. Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery is only allowed to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). Without permission to conduct discovery, a reasonably competent counsel would not hire an investigator to assist in such discovery. Petitioner has not shown good cause for the Court to permit discovery in this habeas action.

It was nowhere near sufficient for Petitioner to simply say he wanted an investigator to do unspecified investigation "pertaining to any potential witnesses," to find unspecified "evidence," and to serve subpoenas for unidentified people and records. *See* Docket # 18 at 4.  As the preceding three paragraphs show, there are stringent limits on a habeas petitioner's ability to develop and present any new evidence in federal court.  Since he must convince the court that "'reasonably competent counsel would have required the assistance of the requested [investigator] for a paying client,'" *Rodriguez-Lara*, 421 F.3d at 940, and the court presumes a reasonably competent counsel would not pointlessly waste a client's money, a petitioner who wants public funding to hire an investigator to develop evidence must describe the specific evidence he wants the investigator to pursue and must show how that pursuit will not be an exercise in futility in light of § 2254(d)(1), § 2254(e)(1), and *Bracy*.  Only if Petitioner presents a motion for funds for an investigator that makes this substantial showing will the Court need to decide whether *Feldman* should be extended to authorize funding under § 3006A(e)(1) for investigative services for a *pro se* habeas petitioner.

The motion for appointment of a private investigator is **DENIED**.  Docket # 18.  The Court's decision not to provide funds for or appoint an investigator in no way precludes Petitioner from hiring and paying his own investigator.

Petitioner also asked for a list of "panel investigators."  Docket # 19 at 1.  The Court does not maintain a list of private investigators.  Three private investigators commonly used in CJA cases are: (1) Barry Simon (address: 1435 Stockton Street, Suite B4, San Francisco, CA 94133; telephone: 415-788-7778); (2) Cheryl Nuss (address: 835 Cedar Street, Santa Cruz, CA 95060; telephone: 831-466-0148); and (3) Donald Criswell (address: P.O. Box 3103, Paradise, CA 95967; telephone: 877-872-5338).

IT IS SO ORDERED.

Dated:  January 28, 2014

_____
EDWARD M. CHEN
United States District Judge

5