UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN MICHAEL COVARRUBIAS,<br><br>Petitioner,<br><br>v.<br><br>ROBERT GOWER, Warden,<br><br>Respondent. | No. C-13-4611 EMC (pr)<br><br>**ORDER DENYING MOTIONS TO DISMISS AND TO PROCEED JOINTLY WITH CO-DEFENDANT** |

## I. INTRODUCTION

Petitioner filed this action pursuant to 28 U.S.C. § 2254 to challenge his 2008 conviction. The matter is now before the Court for consideration of Respondent's motion to dismiss for failure to exhaust state judicial remedies and Petitioner's response thereto. The Court also will address some miscellaneous motions.

## II. BACKGROUND

Petitioner was convicted in Santa Clara County Superior Court of nineteen counts of grand theft and three counts of forgery, and sentence enhancement allegations were found true. On October 10, 2008, Petitioner was sentenced to a term of nineteen years and eight months in state prison. He unsuccessfully appealed his conviction. Petitioner also filed several petitions for writ of habeas corpus in state courts that were unsuccessful.

Petitioner then filed this action. His federal habeas petition asserted twenty claims. The Court determined that two of the claims were not cognizable, and issued an order to show cause why the petition should not be granted on the rest of the claims. *See* Docket # 16.

Respondent now moves to dismiss the federal petition on the ground that state court remedies have not been exhausted for three of the claims. Petitioner responds to the motion to dismiss with a confusing argument that "he has proven . . . that he has exhausted all his remedies in the state level" and "is conceding/dropping the 3 claims /issues brought up by the Respondent." Docket # 26 at 3. Petitioner requests to go forward with his other claims.

### III.     DISCUSSION

A.     Respondent's Motion To Dismiss

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). Although the exhaustion requirement is not jurisdictional and instead is a matter of comity, *see Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), the court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). Both the legal basis and the factual basis must be fairly presented. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See id.* at 277. The state's highest court must be alerted to the fact that the prisoner is asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

1    Respondent moves to dismiss the petition for failure to exhaust state court remedies for
2 Claims 17, 19 and 20.  Notwithstanding Petitioner's apparent concession that these three claims are
3 unexhausted and should be dismissed, the Court will deny the motion.
4    Respondent contends that Claim 17 and Claim 19 of the federal petition "allege ineffective
5 assistance of *trial* counsel for various reasons, but those claims were framed as ineffective assistance
6 of *appellate* counsel in claims 20 and 22 of the state habeas corpus petition." Docket # 22 at 3
7 (emphasis in source).  Respondent errs.  The habeas petition presented to the California Supreme
8 Court mentioned both trial *and* appellate counsel as being ineffective. *See* Docket # 22 at 206
9 (Claim 20 described as: "IAC - appellate counsel: Petitioner's trial counsel was ineffective") and
10 208 (Claim 22 described as: "IAC - appellate counsel: Petitioner's trial counsel was ineffective").
11 The state habeas petition also referred to counsel's conduct as violating Petitioner's "right to
12 counsel, as guaranteed by Amendment 6 of U.S. Constitution." Docket # 22 at 206.  The Sixth
13 Amendment citation suggests a trial counsel problem because the Sixth Amendment is the source of
14 the right to trial counsel, whereas the Fourteenth Amendment is the source of the right to appellate
15 counsel.  *See generally Evitts v. Lucey*, 469 U.S. 387, 392 (1985).  Moreover, the facts alleged in
16 Claims 20 and 22 of the state habeas petition plainly refer to conduct associated with a trial attorney
17 rather than an appellate attorney, as Claim 20 pertains to the failure to present certain evidence and
18 Claim 22 pertains to the failure to call a witness. *See* Docket # 22 at 206 and 206.  Respondent's
19 argument that Claim 17 and Claim 19 of the federal petition are unexhausted because Petitioner did
20 not present them as ineffective assistance of trial counsel claims in state court is rejected.
21    Respondent next contends that Petitioner failed to exhaust the claim that is Claim 20 in his
22 federal petition, i.e., the claim that the prosecutor misled the jury by suggesting that Petitioner was
23 "involved and knew about all the loan transactions and that he was in a conspiracy." Docket # 1 at
24 12.  Respondent is wrong.  The habeas petition filed in the California Supreme Court argued the
25 same facts and mentioned a federal due process violation, although Petitioner also cast it as a claim
26 for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.
27 *See* Docket # 22 at 207.  *Compare* Docket # 1 at 12 (federal petition arguing that the that the 1003
28 loan applications were not signed by him and the "prosecutor used a blanket statement that the

3

1 broker/petitioner was involved and knew about all the loan transactions and that he was in a
2 conspiracy. This is simply not true.") *with* Docket # 22 at 207 (state habeas petition arguing that the
3 1003 loan applications were not signed by the broker and "prosecutor used a blanket statement that
4 the broker was involved and knew about all the loan transactions and that he was in a conspiracy.
5 This is simply not true.") The manner in which Petitioner presented the due process claim may not
6 have been likely to result in success in the California Supreme Court (because he coupled it with an
7 Eighth Amendment claim), but the exhaustion analysis focuses less on the quality of the presentation
8 and more on whether the information is present somewhere in the state court petition, especially
9 when the petitions were prepared by a *pro se* petitioner, as they were here. *See Sanders v. Ryder*,
10 342 F.3d 991, 999 (9th Cir. 2003) (Ninth Circuit precedent "makes clear that, for the purposes of
11 exhaustion, pro se petitions are held to a more lenient standard than counseled petitions.") State
12 judicial remedies were exhausted for Claim 20 in the federal petition.

13       Respondent's motion to dismiss the petition for failure to exhaust Claims 17, 19 and 20 is
14 DENIED. (Docket # 22.) Petitioner's opposition requests that the three claims be dismissed, but
15 appears to make that request on the incorrect belief that those three claims were unexhausted. Now
16 that the Court has determined that state court remedies were exhausted for the three claims, there is
17 no reason to believe that Petitioner would continue to desire to dismiss the three claims.
18 Accordingly, the Court will not dismiss the three claims mentioned in Respondent's motion to
19 dismiss. If Petitioner actually does want to dismiss these three claims, he should promptly file a
20 notice of dismissal of the three claims.

21 B.     <u>Petitioner's Desire To Proceed Together With His State Court Co-Defendant</u>

22       Petitioner and his wife, Esperanza Isabel Valverde, were prosecuted together in state court
23 for crimes related to their mortgage broker business. Both were convicted and received lengthy
24 prison sentences, although the crimes and sentences were not identical. *See* Docket # 22 at 5-6.
25 Petitioner and Ms. Valverde have filed a "joint defense motion for a joinder of plaintiffs for
26 prosecution purposes ALSO for Herman M. Covarrubias to be Primary Petitioner." (Docket # 25, #
27 28, and # 29.)

28

The Court will not allow Mr. Covarrubias to represent Ms. Valverde, or to be the "primary" petitioner. "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). In the habeas context, having one *pro se* litigant represent another is particularly undesirable because each petitioner's liberty is individual to that petitioner, and there may be instances where these two petitioners' interests diverge. Mr. Covarrubias must take full responsibility for presenting his own best case, and Ms. Valverde must take full responsibility for presenting her own best case. Mr. Covarrubias' filings do not suggest he has any particular legal training. Some of his filings suggest he would be a particularly poor choice to guide another litigant in a habeas proceeding. For example, he earlier requested a private investigator in a request that reflected a lack of understanding of the extremely limited nature of discovery in habeas actions; he needlessly conceded to dismissal of three claims in response to Respondent's motion to dismiss; and, in the motion to be the primary petitioner, he incorrectly cited to the Federal Rules of Criminal Procedure, which do not apply to actions for writ of habeas corpus filed by petitioners challenging state court convictions. Mr. Covarrubias may not represent Ms. Valverde or be the "primary" petitioner.

The Court construes the motion to proceed with a "joint defense" to be a motion to relate the cases and DENIES it. Although they were co-defendants in state court, they were represented by different attorneys at trial and on appeal. They also present some different claims in their federal habeas petitions. They may have different procedural issues in their habeas actions. And the two federal habeas cases are at different stages: Mr. Covarrubias' case has survived a motion to dismiss and will have a briefing schedule set for the merits of the claims. Mr. Valverde's case is pending before another judge and the petition in her case has not yet been served on a Respondent. There will not "be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12(a)(2). Finally, proceeding separately and before different judges makes it more likely that Ms. Valverde will understand her obligation to take responsibility for pursuing her federal petition and be less likely to let her husband dictate her presentation. The Court does not mean to suggest that the husband is controlling the wife, but just that it wants to be sure that the Court doesn't push the parties toward that state of affairs.

### IV. CONCLUSION

Respondent's motion to dismiss is **DENIED**. (Docket # 22.) Petitioner's motion for an extension of time to file his opposition to that motion is **GRANTED** (Docket # 24). Petitioner's opposition filed on February 14, 2014 is deemed to have been timely filed and has been considered by the Court.

The motion to proceed as a joint defense, to relate the cases and for Mr. Covarrubias to be the primary petitioner is **DENIED**. (Docket # 25, # 28, and # 29.)

In order to move this action toward resolution, the Court now sets the following briefing schedule on the petition:

1. Respondent must file and serve upon Petitioner, on or before **June 27, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **August 1, 2014**.

IT IS SO ORDERED.

Dated: May 16, 2014

EDWARD M. CHEN
United States District Judge

6