**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    HERMAN MICHAEL COVARRUBIAS,              No. C-13-4611 EMC (pr)

9              Petitioner,

10         v.                                  **ORDER FOR SUPPLEMENTAL
                                              BRIEFING**
11   ROBERT GOWER, Warden,

12             Respondent.
     _____/

13

14

15         In this habeas action, Petitioner challenges his conviction of 19 counts of grand theft and

16   three counts of forgery, with sentence enhancements for excessive takings, based on his activities in

17   his mortgage brokerage business over the course of a couple of years.  According to Petitioner, the

18   "essence of the charges" was that he "(1) misrepresented the terms and costs of loans to borrowers;

19   (2) misrepresented the borrowers' income and employment information to the lenders; and (3)

20   forged three documents."  Docket # 1 at 38.  The record for this case includes an 8,469-page

21   reporter's transcript and a 5,813-page clerk's transcript.  There are eighteen cognizable claims in the

22   petition, only two of which were briefed by a lawyer in the state appellate court.

23         This Court has been hindered greatly in its efforts to adjudicate the merits of the claims by

24   the conclusory nature of the petition and traverse.  Petitioner repeatedly makes assertions that are

25   deficient in that they are both generalities and made without citation to any particular page(s) of the

26

27

28

United States District Court

For the Northern District of California

1   record.[1]  Petitioner also repeatedly suggests that he will develop his claims later at an evidentiary

2   hearing.[2]  Petitioner's insistence in his traverse that he will be develop and explain the evidentiary

3   basis for his claims at a later time is unwise in light of the Court's earlier denial of his requests for

4   an investigator, discovery and an evidentiary hearing, as well as the Court's explanation about the

5   stringent limitations imposed by 28 U.S.C. § 2254(d) and (e) on this Court's review of a habeas

6   petition.  *See* Docket # 23, # 36, and # 43.

7         A habeas petitioner bears the burden of proving his entitlement to relief under § 2254.

8   *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  "A district court lacks the power to act as a

9   party's lawyer, even for *pro se* litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007);

10  *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as

11  counsel or paralegal to *pro se* litigants").  It is Petitioner's duty – not the Court's duty – to present

12  his legal arguments and identify the evidentiary support, including citations to particular pages in the

13  clerk's transcript and reporter's transcript, for each of his arguments.  *See generally Entm't Research*

14  *Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997) ("We review only

---

[1] *See, e.g.,* Docket # 1 at 5 (Claim 5 alleges false evidence was used, but identifies the evidence only by reference to the number of the box in his garage where the documents were kept and does not specifically describe the evidence or cite to any page in the record where that evidence was introduced at trial); *id.* at 7 (Claim 9 alleges that the "prosecutor deliberately misled defense about the theory of defendant['s] guilt violating Petitioner's right to a fair trial," but does not explain what the misleading statements were or cite to any pages of the record supporting his assertion); *id.* at 7 (Claim 10 alleges a variance in the charges because Petitioner "was convicted on the basis of facts different than those facts on which charges were based" but does not explain what the difference was or cite to any part of the record showing that variance); Docket # 45 (Traverse Memorandum of Points And Authorities) at 13 (no citation to any page in the record nor explanation of the details in support of Petitioner's statements that his attorney John Williams commented that Petitioner suffered prejudice and the attorney "stated that he would have approached the trial strategy differently and the evidence that he could and would have shown to the jury."); *id.* at 16 (alleging without citation or explanation that the government manipulated the surveillance tape "right when Valverde was starting to talk about the fees, rate, terms and conditions of the loan the tape was suddenly edited by the D.A.'s office").

Petitioner had access to at least his transcripts since 2011, and fails to explain why he has not included any citations to the record. *See* Docket # 46 at 3 (12/10/11 letter from attorney Elisa Brandes to H. Covarrubias stating that attorney has sent the transcripts to Mr. Covarrubias' sister).

[2] *See, e.g.,* Traverse, p. 13 ("I can prove my claim with documented evidence once given a Discovery an (sic) Evidentiary Hearing"); *id.* at 17 ("Once granted a Discovery and an Evidentiary Hearing, I can acquire the necessary evidence to support my claims" of ineffective assistance of counsel); Docket # 1 at 12 (Claim 20 alleges that the D.A. misled the jury, and "request[s] a handwriting expert to examine all the 1003 loan applications which are in the lenders file").

**United States District Court**
For the Northern District of California

1    issues which are argued specifically and distinctly in a party's opening brief. We will not

2    manufacture arguments for an appellant, and a bare assertion does not preserve a claim.... [J]udges

3    are not like pigs, hunting for truffles buried in briefs."); *Perez v. Kirkland*, 2008 WL 3049856, *12

4    n.8 (C. D. Cal. 2008) (declining "petitioner's invitation to augment the claims set forth in the

5    Petition and Traverse via an undirected search through hundreds of pages of state court filings").

6    This Court will not read through 14,000+ pages of the state court record to marshal Petitioner's

7    arguments and evidence for him.  The lengthy record has evidence about numerous financial

8    transactions with numerous borrowers and multiple lenders, which makes it even more important

9    that the petitioner clearly explain the factual basis for each of his claims and point the Court to the

10   specific evidence that supports each of those claims.

11           Out of an abundance of caution, the Court will give Petitioner one last opportunity to provide

12   details and citations to the record in support of his claims other than Claim 1 and Claim 2.[3]  No later

13   than **June 26, 2015**, Petitioner must file a supplemental brief provides for each claim: (1) a

14   description of the facts supporting each claim, i.e., explaining specifically what happened or did not

15   happen that caused a violation of his constitutional rights; and (2) citations to the particular page(s)

16   in the reporter's transcript and the clerk's transcript that support that claim.

17

18           IT IS SO ORDERED.

19

20   Dated: May 13, 2015

21   _____

22   EDWARD M. CHEN
     United States District Judge

23

24

25

26   _____

27           [3]  Claim 1 and Claim 2 were presented in the state court appellate briefs written by the
     attorney appointed to represent him on appeal.  Petitioner does not need to provide further argument
28   or citations to the record for these two claims as they have been presented adequately by Petitioner's
     attachment of the state appellate court briefs to his federal petition for writ of habeas corpus.